IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLTON FEREBEE,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | **NO. 07-0773** |
| | : | |
| | : | |
| **LOUIS FOLINO, et al.,** | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 12th day of May, 2008, after review of the Report and Recommendation of Magistrate Judge Linda K. Caracappa, to which no objections have been filed, it is hereby,

**ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Carlton Ferebee currently petitions the Court for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. He claims ineffective assistance of counsel for failing to notify him that his sentences for robbery, third-degree murder, violation of the Uniform Firearms Act and possessing an instrument of crime could be run consecutively to one another. This, he claims, resulted in his involuntary guilty plea.

Petitioner was sentenced to serve not less than twenty (20), nor more than forty (40) years, on January 12, 2004 for third-degree murder. He was additionally sentenced to a consecutive term of not less than ten (10), nor more than twenty (20) years for robbery, as well as concurrent sentences for his remaining convictions. He did not file a direct appeal of his sentence to the Pennsylvania Superior Court, but did file a PCRA Petition. Petitioner's PCRA counsel filed a "no merit" letter to the PCRA court, indicating his belief that the Petition was meritless. The PCRA Court denied the Petition, and the Superior Court affirmed. The current Petition was filed on February 26, 2007.

This Court referred the Petition to Magistrate Judge Linda K. Caracappa on May 29, 2007. In a Report and Recommendation dated August 30, 2007, Magistrate Judge Caracappa recommended that the Petition be denied and dismissed as untimely. Without reaching the merits of the Petition, Magistrate Judge Caracappa found that Petitioner filed for Habeas relief beyond the one year statute of limitations, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241(d)(1), and was thus procedurally time barred from relief. Magistrate Judge Caracappa found that, even with the tolling portions of the AEDPA taken into consideration, Petitioner filed three months beyond his deadline under the statute.

Petitioner was given one year from the date of final judgment, which became final after the expiration of time allotted to seek direct review, to file his Petition for Habeas relief. In addition, any of his state post-conviction proceedings or collateral reviews tolled this time period. Petitioner's judgment became final thirty days after his sentencing, on February 12, 2004. He filed a PCRA petition on December 3, 2004, nine months and twenty days into his one year limitations period. Thus, when the appeal was denied on September 19, 2006, he had only two

**ORDERED** that the Petition for Writ of Habeas Corpus [Doc. No. 1], is **DENIED** and **DISMISSED**.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

**BY THE COURT:**
/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

months and ten days remaining to file his Petition with this Court. Instead, Petitioner filed for relief on February 26, 2007, nearly three months beyond his November 29, 2006 deadline. Thus, his Petition must be dismissed as untimely and procedurally barred.

In addition, Magistrate Judge Caracappa considered the doctrine of equitable tolling as an alternative to relief for Petitioner. She found, however, that Petitioner presented no argument in support of the exigent circumstances required for relief under this doctrine. Thus, Magistrate Judge Caracappa recommended that the Petition be denied as a matter of procedural default and lack of equitable merit.

Petitioner was permitted until September 21, 2007 to file objections to the Report and Recommendation and failed to do so. For these reasons, the Court herein adopts in full Magistrate Judge Caracappa's well-founded Report and Recommendation, and denies the Petition for Writ of Habeas Corpus.